UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:11-cr-00026-TWP-KPF |
| GEOFFRIE ALLEN LEE DILL, | ) |
| Defendant. | ) |

## ENTRY ON OUSTANDING MOTIONS IN LIMINE

This matter is before the Court on Defendant Geoffrie A. Dill's ("Defendant") Motions in *limine* [Dkt. 77 and Dkt. 78] and the Government's Motion *in limine* [Dkt. 87]. The court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

For the reasons stated below, Defendant's Motion *in Limine* [Dkt. 77] is **granted** and Defendant's Motion *in Limine* [Dkt. 78] is **denied**. The Government's Motion *in Limine* [Dkt. 87] is **granted.**

### 1. Defendant's Motion *in Limine* # 1

Pursuant to Federal Rules of Evidence 403 Defendant's Motion *in Limine* [Dkt. 77] seeks to exclude evidence relating to profane language which Defendant used in telephone

conversations from the Marion County jail to Tadd Michael Dobbins, on February 2, 2011. Defendant argues that although the conversations in the telephone calls are arguably relevant, such conversations are prejudicial to the Defendant and the probative value of this conversation is outweighed by confusion and prejudice against the Defendant. The presence or redaction of the language will be dependent upon whether such language is "unfairly prejudicial" to Dill. Specifically, the question in this case is whether "substitution or deletion of the offensive language would destroy the probative value of the evidence." *U.S. v. Schweihs*, 971 F.2d 1302, 1314 (7th Cir. 1992). In addition, a relevant inquiry is whether redaction would still leave language that would be sufficient to convey the relevant information without introducing too much prejudicial information. *Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706 (8th Cir. 2001). The Court agrees that the profane language itself is not relevant. The numerous instances of profane language are unduly prejudicial. The Court, therefore, will **grant** the motion *in limine*, [Dkt. 77] in part. The Government is directed to delete those instances of profanity which are random. The Government may leave any profane language that may be necessary to convey relevant information.

2. **Defendant's Motion *in Limine* #2**

Defendant's motion *in limine* #2 seeks to exclude additional portions of the jail house call of February 2, 201l in which the Defendant makes certain admissions against his interest; to wit:

> Page 2, lines 20-21 – " so I go through the stop sign to turn onto Troy, well when I pull out on Troy I'm going towards Keystone on Troy and I know it's a cop behind me Mike, I know it is right".

Defendant argues that this conversation over a week after Defendant's stop is arguably irrelevant in time as the legality of the stop was based on what Officer Deddish observed or was in a

position to observe as the basis of the stop, on January 25, 2011 not what Defendant said on February 2, 2011.

In *U.S. v. Thomas*, 321 F.3d 627, 629 (7th Cir. 2003), the court explained that Federal Rule of Evidence 403 requires district courts to exclude evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. "Most relevant evidence is, by its very nature, prejudicial ... that evidence must be *unfairly* prejudicial to be excluded." (*quoting United States v. Curry,* 79 F.3d 1489, 1496 (7th Cir.1996)). *Thomas,* 321 F.3d at 629. Evidence is unfairly prejudicial "if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented." *Curry,* 79 F.3d at 1496 (quoting *Pulido,* 69 F.3d at 201). *Thomas,* 321 F.3d at 629.

Evidence that Defendant knew he was being stopped by police officers is relevant in view of the defenses which Defendant has asserted in his notices of defense. Further, the Court finds that such testimony is not unfairly prejudicial. Therefore, the Motion *in limine* [Dkt. 78] is **denied.**

### 3. Government's Motion *in Limine* #1

The United States moves the Court to exclude general testimony regarding the Defendant's upbringing and difficulties he has previously experienced in his life, as well as any testimony regarding these witnesses' hearsay knowledge of any psychological diagnoses made regarding Defendant; without the Defendant first presenting an offer of proof of relevance before witnesses Paula Dill or Amanda Dill offer such testimony before the jury. The Court finds the Motion has merit and will **grant** the Government's motion *in limine* [Dkt.87]. If, however, Defendant believes such testimony is relevant and admissible to his insanity defense, counsel must first approach and request a hearing outside of the presence of the jury.

SO ORDERED.

Date: 12/03/2011 _____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Loren J. Comstock
lorenjcomstock1@yahoo.com

Michelle P. Brady
United States Attorney's Office
michelle.brady@usdoj.gov

James Raymond Rowings
LOREN J. COMSTOCK, ATTORNEY AT LAW
jrr.attorney@gmail.com